## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| | ) | |
| **LOCKHEED MARTIN CORP.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil No. 1:08-cv-01160** |
| **v.** | ) | |
| | ) | **JUDGE JAMES ROBERTSON** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____ )

### NOTICE OF CORRECTED CASE CAPTION

Defendant United States of America hereby gives notice that the caption of the

Answer and Counterclaim it filed electronically on September 2, 2008, should be

considered corrected to reflect the fact that this case has been reassigned to Judge James

Robertson.  A copy of the Answer and Counterclaim, with the corrected caption, is

attached hereto as Exhibit A.

FOR THE UNITED STATES

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources
Division

Date:   _September 3, 2008____          __/s/  John E. Sullivan_____

JOHN E. SULLIVAN
STERLING THOMAS
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
john.sullivan3@usdoj.gov
sterling.thomas@usdoj.gov
Telephone: (202) 305-0365
Telephone: (202) 514-1978
Facsimile:  (202) 514-8865

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and accurate copy of the foregoing Notice of Corrected

Case Caption was served by electronic filing through PACER upon all counsel of record

this 3rd day of September 2008.

_____/s/ John E. Sullivan_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

**LOCKHEED MARTIN CORP.**

        **Plaintiff,**

        **v.**

**UNITED STATES OF AMERICA,**

        **Defendant.**

_____

    **Civil No. 1:08-cv-01160**

    **JUDGE JAMES ROBERTSON**

**ANSWER AND COUNTERCLAIM OF DEFENDANT,
UNITED STATES OF AMERICA**

Defendant United States of America (hereinafter "United States") states the following in response to the Complaint of Plaintiff Lockheed Martin Corporation (hereinafter "Plaintiff") filed on July 1, 2008.  Responses in the numbered paragraphs below are to the allegations in each corresponding numbered paragraph of Plaintiff's Complaint.  The topic headings used below are duplicated from Plaintiff's Complaint and are inserted for ease of reference.  Use of these topic headings below does not constitute an admission or acknowledgement by the United States of their relevance or accuracy.

<u>**COMPLAINT FOR RECOVERY OF RESPONSE COSTS AND FOR
DECLARATORY RELIEF**</u>

1.     The allegations in Paragraph 1 state the nature of the Plaintiff's claim and constitute legal conclusions to which no response is required.  However, to the extent the Court deems an answer is necessary, the United States denies the allegations in Paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

**Exhibit A**

**THE PARTIES**

2.      The United States denies the allegations in Paragraph 2 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

3.      The United States admits that it conducts and/or has conducted business through the agencies identified in the second sentence of Paragraph 3, and that it conducts business in the District of Columbia.  The allegations in the last sentence of Paragraph 3 constitute legal conclusions to which no response is required, and denies the allegations in the last sentence of paragraph 3 to the extent this Court deems that an answer is necessary.

**JURISDICTION AND VENUE**

4.      The allegations in Paragraph 4 constitute legal conclusions to which no response is required.

5.      The allegations in Paragraph 5 constitute legal conclusions to which no response is required.

**GENERAL ALLEGATIONS COMMON TO ALL CLAIMS RELATED TO THE ESACAPE OF SUBSTANCES FROM THE REDLANDS FACILITY**

6.      The United States admits that Plaintiff owns a facility located at 1500 Crafton Avenue in Mentone, California, and that this facility is commonly known as the "Redlands Facility."  The United States further admits that Plaintiff has manufactured rocket propulsion systems and rocket propellant at the Redlands Facility.

7.      The United States denies the allegations in Paragraph 7 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

8.      The United States denies the allegations in Paragraph 8 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

9.    The United States admits in response to the first sentence of Paragraph 9 that it entered into contracts after World War II for the development and testing of rocket motor propulsion systems for military and space applications. The United States denies the remaining allegations in Paragraph 9 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

10.    The United States admits in response to Paragraph 10 that the Redlands Facility is located approximately 60 miles east of Los Angeles. The United States denies the remaining allegations in Paragraph 10 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

11.    The United States admits in response to Paragraph 11 that Plaintiff operated the Redlands Facility for approximately fifteen years, from 1961 to 1975, and that it engaged in the research, development, testing, and manufacture of propellants and propulsion subsystems for various missile defense and space systems. The United States admits that Plaintiff manufactured products for the United States at the Redlands facility. The United States denies the remaining allegations in Paragraph 11 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

12.    The United States admits in response to Paragraph 12 that, at certain times, trichloroethylene ("TCE") was used in vapor degreasing operations and other manufacturing processes at the Redlands Facility. The United States also admits that ammonium perchloride ("AP") was used as an oxidizer and was a primary constituent of many of the solid-rocket propellants produced at the Redlands Facility. The United States denies the last sentence in Paragraph 12. The United States denies the remaining

allegations in Paragraph 12 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

13.    The United States denies the allegation in Paragraph 13 that it was directly involved in GCR's and/or LPC's day-to-day operations during the entire period of manufacturing at the Redlands facility.  In response to the subparts to Paragraph 13, the United States responds as follow:

a)    Admits that it determined the type and amount of products it purchased from Plaintiff, but denies the remaining allegations in subparagraph a) for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

b)    Admits that Plaintiff produced products for the United States in accordance with contracts but denies the remaining allegations in subparagraph b) for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

c)    Admits the allegations in subparagraph c).

d)    Admits that Plaintiff used TCE and AP at the Redlands facility, but denies the remaining allegations in subparagraph d) for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

e)    Admits that Plaintiff used TCE and AP at the Redlands facility, but denies the remaining allegations in subparagraph e) for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

f)    Admits that Plaintiff used TCE and AP at the Redlands facility, but denies the remaining allegations in subparagraph f) for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

g)       Admits that Plaintiff used TCE and AP at the Redlands facility, but denies the remaining allegations in subparagraph g) for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

h)       Denies the allegations in subparagraph h).

i)       Denies the allegations in subparagraph i).

j)       Admits that the United States owned some equipment at the Redlands facility, but denies the remaining allegations in subparagraph j) for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

k)       Admits that the United States owned some equipment at the Redlands facility, but denies the remaining allegations in subparagraph k) for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

14.       The United States states in response to Paragraph 14 that any contracts it entered with GCR or LPC concerning the Redlands facility speak for themselves.  The United States denies the remaining allegations in Paragraph 14 to the extent they are inconsistent with those contracts.

15.       The United States states in response to Paragraph 15 that any contracts it entered with GCR or LPC concerning the Redlands Facility speak for themselves.  The United States denies the remaining allegations in Paragraph 15 to the extent they are inconsistent with those contracts.

16.       The United States states in response to Paragraph 16 that any contracts it entered with GCR or LPC concerning the Redlands facility speak for themselves, and denies the allegations in Paragraph 16 to the extent they are inconsistent with those contracts.  The United States admits that government personnel were present at the

Redlands Facility at various times during performance of the contracts.  The United States denies the remaining allegations in Paragraph 16 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

17.    The United States admits in response to Paragraph 17 that government military personnel were present at the Redlands Facility at various times during performance of the contracts.  The United States denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegation that personnel working for other contractors operating under government direction were stationed at the Redlands Facility during various times to oversee contract compliance.  The United States denies the remaining allegations of paragraph 17.

18.    The United States states in response to Paragraph 18 that the federal procurement regulations and any contracts it entered with GCR or LPC concerning the Redlands Facility speak for themselves. The United States denies the remaining allegations in Paragraph 18 to the extent they are inconsistent with those contracts and/or procurement regulations.

19.    The United States states in response to Paragraph 19 that any contracts it entered with GCR or LPC concerning the Redlands Facility speak for themselves. The United States denies the remaining allegations in Paragraph 19 to the extent they are inconsistent with those contracts.

20.    The United States states in response to Paragraph 20 that any contracts it entered with GCR or LPC concerning the Redlands Facility speak for themselves. The United States denies the remaining allegations in Paragraph 20 to the extent they are inconsistent with those contracts.

21.    The United States admits in response to Paragraph 21 that many aspects of the manufacturing processes employed by GCR and LPC at the Redlands Facility were dictated by industry standards to avoid ignition of solid-rocket fuel or its constituents. The United States denies the remaining allegations in Paragraph 21 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

22.    The United States states in response to Paragraph 22 that any contracts it entered with GCR or LPC concerning the Redlands Facility speak for themselves.  The United States denies the remaining allegations in Paragraph 22 to the extent they are inconsistent with those contracts.

23.    The United States admits in response to Paragraph 23 that TCE was used in a vapor degreaser at the Redlands facility, but denies the remaining allegations in Paragraph 23 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

24.    The United States denies the allegations in Paragraph 24 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

25.    The United States admits the allegations in paragraph 25.

26.    The United States denies the allegations in Paragraph 26 to the extent they imply that the United States dictated the use of AP for most government contracts for rocket propellant throughout the period that the Redlands Facility was in operation.  The United States admits in response to Paragraph 26 that it mutually agreed with many of its rocket propellant suppliers to use AP for rocket propellant production during the period the Redlands Facility was in operation due to its high energy combustion and relative safety compared to other oxidizers that can prove unstable under certain conditions.

27.    The United States admits in response to Paragraph 27 that oxidizers can be flammable when combined with organic material, but denies the remaining allegations in Paragraph 27 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

28.    The United States denies the allegations in Paragraph 28 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

29.    The United States denies the allegations in the first sentence of Paragraph 29. The United States admits the allegations in the second sentence of Paragraph 29. The United States denies the allegations in the third and fourth sentences of Paragraph 29 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations. The United States denies the allegations in the fifth and sixth sentences of paragraph 29.

30.    The United States denies the allegations in Paragraph 30 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

31.    The United States denies the allegations in Paragraph 31 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

32.    The United States denies the allegations Paragraph 32 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

33.    The United States denies the allegations in Paragraph 33 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

34.    The United States denies the allegations in Paragraph 34 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.    .

35.     The United States denies the allegations in the first two sentences of Paragraph 35.  The United States denies the allegations in the last two sentences of Paragraph 35 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

36.     The United States denies the allegations in the first, second, and last sentences of Paragraph 36.  The United States denies the allegations in the third sentence of Paragraph 36 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

37.     The United States denies the allegations in the first sentence of Paragraph 37 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.  The United States denies the allegations in the second sentence of Paragraph 37.

38.     The United States denies the allegations in Paragraph 38.

39.     The United States denies the allegations in Paragraph 39.

40.     The United States denies the allegations in Paragraph 40.

41.     The United States admits in response to Paragraph 41 that government reports indicated that TCE was present in the Bunker Hill Basin aquifer system, but denies the remaining allegations in Paragraph 41.

42.     The United States admits in response to Paragraph 42 that the RWQCB issued orders to Lockheed Martin, but denies the remaining allegations in Paragraph 42 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

43.    The United States denies the allegations in Paragraph 43 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

44.    The United States admits in response to Paragraph 44 that the RWQCB issued orders to Lockheed Martin, but denies the remaining allegations in Paragraph 44 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS RELATED TO THE ESCAPE OF SUBSTANCES FROM THE BEAUMONT FACILITIES

45.    The United States denies the allegations in Paragraph 45 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

46.    The United States denies the allegations in Paragraph 46 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

47.    The United States denies the allegations in Paragraph 47 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

48.    The United States denies the allegations in Paragraph 48 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations. .

49.    The United denies the allegations in Paragraph 49 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

50.    The United States denies the allegations in Paragraph 50 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

51.    The United States denies the allegations in Paragraph 51 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS RELATED TO THE ESCAPE OF SUBSTANCES FROM NORTON AIR FORCE BASE

52.     The United States admits the allegations in Paragraph 52.

53.     The United States admits the allegations in Paragraph 53.

54.     The United States admits the allegations in the first sentence of Paragraph 54.  The United States denies the allegations in the second sentence of Paragraph 54.

55.     Paragraph 55 contains a characterization of Plaintiff's claim for which no response is required.  To the extent Paragraph 55 contains factual assertions, the United States denies the allegations in Paragraph 55.

56.     The United States denies the allegations in Paragraph 56.

## FIRST CLAIM FOR RELIEF

(Owner/Operator Liability under CERCLA § 107(a)(2), 42 U.S.C. § 9607(a)(2) and CERCLA § 113(f), 42 U.S.C. § 9613(f))

57.     The United States incorporates by reference its responses to the allegations in paragraphs 1 through 56 above as though set forth in full.

58.     Paragraph 58 contains conclusions of law for which no response is required.  To the extent the Court deems an answer is necessary, the United States denies the allegations in Paragraph 58.

59.     Paragraph 59 contains conclusions of law for which no response is required.  To the extent the Court deems an answer is necessary, the United States denies the allegations in Paragraph 59.

60.     Paragraph 60 contains conclusions of law for which no response is required.  To the extent the Court deems an answer is necessary, the United States denies the allegations in Paragraph 60.

61.    Paragraph 61 contains conclusions of law for which no response is required. To the extent the Court deems an answer is necessary, the United States denies the allegations in Paragraph 61.

62.    Paragraph 62 contains conclusions of law for which no response is required.  To the extent the Court deems an answer is necessary, the United States denies the allegations in Paragraph 62.

63.    Paragraph 63 contains conclusions of law for which no response is required.  To the extent the Court deems an answer is necessary, the United States denies the allegations in Paragraph 63.

64.    Paragraph 64 contains conclusions of law for which no response is required. To the extent the Court deems an answer is necessary, the United States denies the allegations in Paragraph 64.

65.    Paragraph 65 contains conclusions of law for which no response is required.  To the extent the Court deems an answer is necessary, the United States denies the allegations in Paragraph 65.

## SECOND CLAIM FOR RELIEF

(Arranger Liability under CERCLA § 107(a)(3), 42 U.S.C. § 9607(a)(3) and CERCLA § 113(f), 42 U.S.C. § 9613(f))

66.    The United States incorporates by reference its responses to the allegations in paragraphs 1 through 65 above as though set forth in full.

67.    Paragraph 67 contains conclusions of law for which no response is required. To the extent the Court deems an answer is necessary, the United States denies the allegations in Paragraph 67.

68.     Paragraph 68 contains conclusions of law for which no response is required. To the extent the Court deems an answer is necessary, the United States denies the allegations in Paragraph 68.

69.     Paragraph 69 contains conclusions of law for which no response is required.  To the extent the Court deems an answer is necessary, the United States denies the allegations in Paragraph 69.

70.     Paragraph 70 contains conclusions of law for which no response is required. To the extent the Court deems an answer is necessary, the United States denies the allegations in Paragraph 70.

71.     Paragraph 71 contains conclusions of law for which no response is required. To the extent the Court deems an answer is necessary, the United States denies the allegations in Paragraph 71.

72.     Paragraph 72 contains conclusions of law for which no response is required. To the extent the Court deems an answer is necessary, the United States denies the allegations in Paragraph 72.

73.     Paragraph 73 contains conclusions of law for which no response is required. To the extent the Court deems an answer is necessary, the United States denies the allegations in Paragraph 73.

74.     Paragraph 74 contains conclusions of law for which no response is required. To the extent the Court deems an answer is necessary, the United States denies the allegations in Paragraph 74.

## THIRD CLAIM FOR RELIEF

(Declaratory Relief Under CERCLA § 113(g), 42 U.S.C. § 9613(g))

75.    The United States incorporates by reference its responses to the allegations in paragraphs 1 through 74 above as though set forth in full.

76.    Paragraph 76 contains conclusions of law for which no response is required.  To the extent the Court deems an answer is necessary, the United States denies the allegations in Paragraph 76.

77.    Paragraph 77 contains conclusions of law for which no response is required.  To the extent the Court deems an answer is necessary, the United States denies the allegations in Paragraph 77.

78.    Paragraph 78 contains conclusions of law for which no response is required.  To the extent the Court deems an answer is necessary, the United States denies the allegations in Paragraph 78.

## PRAYER FOR RELIEF

This section contains Plaintiff's requests for relief, for which no response is required.  To the extent the Court deems an answer necessary, the United States denies that Plaintiff is entitled to any relief under the law or facts of this case.

## GENERAL DENIAL

To the extent any allegations have not been specifically addressed in the preceding paragraphs, the United States hereby denies such allegations.

## AFFIRMATIVE DEFENSES

Without limiting or waiving any defenses available to it, the United States hereby asserts the following defenses:

## FIRST DEFENSE

Plaintiff has failed to state a claim for which relief can be granted.

## SECOND DEFENSE

To the extent the Plaintiff recovers its costs from another party or entity, or from the United States under any contract or any statute other than CERCLA, Plaintiff is precluded by 42 U.S.C. § 9614(b) and/or applicable case law from receiving reimbursement for those costs from the United States under CERCLA.

## THIRD DEFENSE

This action is barred in whole or in part by the statute of limitations.

## FOURTH DEFENSE

To the extent that any contamination is attributable to the United States, such contamination is divisible from other contamination at the site and the United States is not liable for costs relating to the other contamination.

## FIFTH DEFENSE

The United States is not liable for any costs that result from the cleanup of materials or constituents that are not "hazardous substances" as defined in CERCLA § 101(14), 42 U.S.C. § 9601(14).

## SIXTH DEFENSE

Plaintiff's claims under CERCLA are barred insofar as they seek to recover costs that are not "necessary costs of response" incurred "consistent with the National Contingency Plan," as required by CERCLA § 107(a), 42 U.S.C. § 9607(a).

## SEVENTH DEFENSE

If the United States is liable to Plaintiff under CERCLA, the United States' liability is limited to its equitable share of the necessary costs of response incurred consistent with the National Contingency Plan.

## EIGHTH DEFENSE

Plaintiff's claims are barred because they are the subject of a prior settlement with the United States in which Plaintiff waived and released all claims alleged in this action.

## NINTH DEFENSE

In an allocation of responsibility under CERCLA, Plaintiff should recover less than its demand for equitable reasons, including, but not limited to, its own conduct and liability and the doctrines of unclean hands, estoppel, waiver, and or laches.

## TENTH DEFENSE

This Court lacks jurisdiction over some or all of Plaintiff's claims.

## ELEVENTH DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's claims for more than $10,000 that purportedly arise from an agreement or contract with the United States because such claims can be brought only in the Court of Federal Claims.

## TWELFTH DEFENSE

Plaintiff's Complaint fails to state a claim or set forth facts sufficient to support a claim for attorneys' fees.

## THIRTEENTH DEFENSE

Plaintiff has failed to mitigate, reduce, or otherwise avoid its alleged damages.

## FOURTEENTH DEFENSE

The injuries or damages alleged in the Complaint were proximately caused by the intervening act or acts of a party or parties, other than an officer, agent, servant, or employee of the United States and, as a result, the United States is not a liable party under CERCLA under the facts alleged in the Complaint.

## FIFTEENTH DEFENSE

If the United States is found liable to Plaintiff under CERCLA, Plaintiff has no claim for joint and several liability.  The United States' liability, if any, is limited to its equitable share of the necessary costs of response incurred consistent with the National Contingency Plan.  Plaintiff's recovery from the United States, if any, should be reduced in accordance with the various equitable and other factors used under 42 U.S.C. §§ 9601 *et. seq.* to allocate costs and damages among parties.

## SIXTEENTH DEFENSE

Plaintiff is barred from recovering its alleged response costs because the United States has already paid its share of any environmental cleanup costs associated with contracts between Plaintiff and the United States, and Plaintiff's recovery of such costs would result in double recovery that is unlawful and inequitable.

## SEVENTEENTH DEFENSE

Plaintiff's Complaint does not describe the claims or events with sufficient particularity to allow the United States to ascertain what other defenses may exist at this time and, therefore, the United States reserves the right to assert all defenses which may pertain to the Complaint once the more precise nature of the Plaintiff's claims is ascertained in the future.

## COUNTERCLAIM

While preserving all of its defenses and expressly denying that it is liable to Plaintiff for any claims set forth in the Complaint, the United States of America, by and through its undersigned attorneys, assert the following Counterclaim against Plaintiff pursuant to the provisions of Rule 13 of the Federal Rules of Civil Procedure and at the request of and on behalf of the United States General Services Administration.

## PARTIES

1.      Defendant and Counterclaim Plaintiff is the United States of America.

2.      The United States is informed and believes that Plaintiff and Counterclaim Defendant Lockheed Martin Corporation is a Maryland Corporation.

## JURISDICTION AND VENUE

3.      Jurisdiction over this Counterclaim is based on 42 U.S.C. § 9613(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

4.      Venue is proper in this district under 42 U.S.C. § 9613(b).

## STATUTORY BACKGROUND

5.      Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), imposes liability for response costs on four categories of "[c]overed persons"—typically known as potentially responsible parties ("PRPs").

6.      PRPs are defined in CERCLA as (1) owners and operators of facilities at which hazardous substances are located; (2) past owners and operators of such facilities at the time when disposal of hazardous substances occurred; (3) persons who arranged for the disposal or treatment of hazardous substances; and (4) certain transporters of hazardous substances.  42 U.S.C. § 9607(a)(1)-(4).

7.      Section 113(f) of CERCLA provides that "[a]ny person may seek contribution from any other person who is liable or potentially liable under [Section 107(a)], during or following any civil action under [Section 106] or under [Section 107]." 42 U.S.C. § 9613(f)(1).

8.      Section 113(f)(1) of CERCLA further provides that contribution claims "shall be governed by Federal law," and "[i]n resolving contribution claims , the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate."  42 U.S.C. § 9613(f)(1).

## GENERAL ALLEGATIONS

9.      The United States, upon information and belief, alleges that (a) Lockheed Propulsion Company ("LPC") became an operating division of Lockheed Aircraft Corporation in our about 1963; (b) Lockheed Aircraft Corporation became the Lockheed Corporation in or about 1977; and (c) Lockheed Corporation merged with Martin Marietta Corporation in or about 1995 to form Lockheed Martin Corporation, the Plaintiff in this case.  Plaintiff is the successor-in-interest to LPC.

10.     The United States, upon information and belief, alleges that Grand Central Rocket Company ("GCR") conducted operations at the Redlands Facility, which is located in Mentone, California ("the Redlands Facility"), from 1954 through 1961; and that LPC acquired and became the successor-in-interest to GCR in or about 1961.  GCR's operations at the Redlands Facility involved the development and manufacture of rockets and rocket motors.

11.     Plaintiff alleges in its Complaint in this case that LPC owned, operated, and conducted business at the Redlands facility and two facilities that are located in

Beaumont, California ("the Beaumont Facilities"), from 1961 through 1975. Plaintiff

alleges that LPC was engaged in the research, development, testing, and manufacture of

propellants and rocket motor propulsion subsystems for various missile defense and

space systems for the government at the Redlands and Beaumont Facilities.

12.     The Norton Air Force Base is located in San Bernardino, California, and

was operated by the United States from 1942 until its closure on or about March 31,

1994.

13.     The United States, upon information and belief, alleges that Plaintiff and

its predecessors-in-interest, GCR and LPC, as part of their operations at the Redlands

and/or Beaumont Facilities, released or caused the release and/or threatened releases of

hazardous substances at the Redlands and/or Beaumont Facilities.

14.     The United States, upon information and belief, alleges that Plaintiff and

its predecessors-in-interest, GCR and LPC, through their corporate officers, directors,

managers, and employees, participated in and made decisions about the use, handling,

storage, and disposal of hazardous substances at or near the Redlands and Beaumont

Facilities.

15.     Plaintiff alleges in its Complaint that it has incurred and will continue to

incur response costs under CERCLA necessitated by the release and/or threatened release

of hazardous substances at the Redlands and Beaumont Facilities.

16.     Plaintiff alleges in its Complaint that it has incurred and will continue to

incur response costs under CERCLA necessitated by the release and/or threatened release

of hazardous substances at the Norton Air Force Base.

17.    Plaintiff Lockheed Martin Corporation is a "person" within the meaning of sections 101(21) and 113(f)(1) of CERCLA.  42 U.S.C. §§ 9601(21) and 9613(f)(1).

18.    The United States is a "person" within the meaning of sections 101(21) and 113(f)(1) of CERCLA.  42 U.S.C. §§ 9601(21) and 9613(f)(1).

19.    Plaintiff alleges in its Complaint that the Redlands and Beaumont Facilities and are "facilities" within the meaning of section 101(9) of CERCLA.  42 U.S.C. § 9601(9).

20.    Plaintiff is liable under CERCLA as an owner and operator of the Redlands and Beaumont Facilities, and as a person who arranged for and/or transported hazardous substances or waste that were disposed of, dumped, spilled, abandoned, and/or released at or from the Redlands and/or Beaumont Facilities.

## COUNTERCLAIM: CERCLA CONTRIBUTION

21.    The United States incorporates by reference, as if fully rewritten herein, Paragraphs 1 through 20 of this Counterclaim.

22.    Plaintiff has filed a civil action against the United States and in Paragraphs 57 through 74 of the Complaint that alleges claims under section 107(a) and 113(f)(1) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(f)(1); therefore, section 113(f)(1) authorizes the United States to seek contribution against Plaintiff in this action.

23.    If the United States is found liable for response costs under CERCLA in this case, this Court should resolve this contribution claim by allocating liability for the response costs at issue in Plaintiff's Complaint among liable parties, including Plaintiff, using such equitable factors as the court determines are appropriate under section

113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), and grant appropriate declaratory relief under section 9613(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), and 22 U.S.C. § 2201.

**REQUEST FOR RELIEF**

WHEREFORE, for all the reasons stated herein, the United States requests that this Court dismiss Plaintiff's Complaint with prejudice at Plaintiff's cost, and award the United States its costs of defending this action and such other and further relief as this Court deems proper. In the alternative, if this court finds the United States to be liable under Plaintiff's Complaint, the United States requests that this Court allocate the response costs at issue in Plaintiff's Complaint among liable parties, including Plaintiff, 113(f) of CERCLA, 42 U.S.C. § 9613(f)(1), and grant appropriate declaratory relief under section 9613(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), and 22 U.S.C. § 2201.

FOR THE UNITED STATES

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources
Division

Date:   _September 2, 2008_____          __/s/  John E. Sullivan_____
                                          JOHN E. SULLIVAN
                                          STERLING THOMAS
                                          Environment & Natural Resources Division
                                          Environmental Defense Section
                                          P.O. Box 23986
                                          Washington, D.C. 20026-3986
                                          john.sullivan3@usdoj.gov
                                          sterling.thomas@usdoj.gov
                                          Telephone: (202) 305-0365
                                          Telephone: (202) 514-1978
                                          Facsimile:  (202) 514-8865

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing Answer and

Counterclaim was served by electronic filing through PACER upon all counsel of record

this 2nd day of September 2008.


_____/s/ John E. Sullivan_____